UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

JORGE LUIS MADRIGAL,

    Plaintiff,

vs.

A-AAH TERRY'S PLUMBING INC.,
D/B/A TERRY'S PLUMBING a Florida
Profit Corporation, and TERRY FLETCHER, as an individual,

    Defendants.
_____/

## COMPLAINT

Plaintiff JORGE LUIS MADRIGAL, (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendants A-AAH TERRY'S PLUMBING, INC., a Florida Profit Corporation D/B/A TERRY'S PLUMBING (hereinafter, "TERRY'S PLUMBING"), and TERRY FLETCHER, individually (hereinafter, "FLETCHER") (collectively "Defendants") and states as follows:

### JURISDICTION AND VENUE

1. This is an action by the Plaintiff for damages and other relief for unpaid wages and unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and

because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendants are subject to personal jurisdiction there.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

5. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a plumber. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Defendant TERRY'S PLUMBING is a Florida profit corporation organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida. Defendant has several locations throughout, Florida.

7. Defendant TERRY'S PLUMBING is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. Specifically, TERRY's PUMBING is a company that provides residential and small business plumbing services. Upon information and belief Defendant diagnoses the problem, sales parts and perform plumbing services.

9. At all times material to this Complaint, TERRY'S PLUMBING, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or material that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

10. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that Plaintiff is covered under the FLSA through individual coverage, as Plaintiff regularly and recurrently used the instrumentalities of interstate commerce to order parts needed for particular jobs.

11. Defendant TERRY'S PLUMBING upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

12. Defendant FLETCHER is a manager, and exercised operational control over the activities of, corporate Defendant, TERRY'S PLUMBING.

13. Defendant FLETCHER acted directly in the interest of the corporate Defendant, TERRY'S PLUMBING. Upon all available information, FLETCHER controlled the manner in which Plaintiff performed his work and the pay he was to receive.

14. All defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

15. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

16. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

17. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

18. Plaintiff worked for Defendants from April 2021 through July 7, 2021 as a plumber. His primary duties were meeting with customers at the site, diagnosing the problem, pricing the job based on the company process, order any parts and perform the services required.

19. Defendants compensated Plaintiff and all employees similarly situated, by paying 35% of the revenue attributable to the labor performed and 35% of the of the revenue attributable to the part sales on a weekly basis.

20. During the course of his employment, Plaintiff regularly worked between 55–65 hours per work week. He was normally scheduled six days a week.

21. A review of the pay stubs in which Plaintiff has in his current possession, custody, and control reflect that Plaintiff received a commission ranging between $200 and $500.00 per week.

22. However, that payment was not at a rate of at least time and one-half the applicable minimum wage per hour and did not compensate him for all hours worked.

23. Furthermore, throughout his employment, Defendants made deductions from Plaintiff's paycheck for business expenses on a weekly basis that reduced Plaintiff's wage below the minimum wage.

24. Accordingly, there were times when Plaintiff was paid at a rate below the minimum applicable hourly wage rate as set forth under state and federal law.

25. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

26. Defendants and its representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

27. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

28. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

29. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
## VIOLATION OF FLSA/MINIMUM WAGES
## against TERRY'S PLUMBING

30. Plaintiff, re-alleges and reaffirms paragraphs 1 through 29 as if fully set forth herein.

31. This action is brought by Plaintiff to recover from Defendant TERRY'S PLUMBING unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

32. At all times during his employment, Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

33. Throughout Plaintiff's employment, TERRY'S PLUMBING has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due.

34. TERRY'S PLUMBING knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of hourly wages and the payment of minimum wages for all hours worked in respective pay periods, and accordingly remains owing the named Plaintiff, liquidated damages, based upon the unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three-year period preceding this lawsuit.

35. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of the timely payment of a minimum hourly wage when due.

36. By reason of the said intentional, willful and unlawful acts of TERRY'S PLUMBING, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

37. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

38. TERRY'S PLUMBING never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

39. As a result of TERRY'S PLUMBING willful violations of the Act, Plaintiff is entitled to liquidated damages.

40. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from TERRY'S PLUMBING.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant TERRY'S PLUMBING:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT II**
**VIOLATION OF FLSA/UNPAID WAGES**
**against FLETCHER**

41. Plaintiff, re-alleges and reaffirms paragraphs 1 through 29 as if fully set forth herein.

42. At the times mentioned, Defendant FLETCHER was, and is now, a corporate officer of corporate Defendant, TERRY'S PLUMBING.

43. FLETCHER was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that FLETCHER acted directly in the interests of Defendant TERRY'S PLUMBING in relation to its employees including Plaintiff.

44. Specifically, FLETCHER supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

45. FLETCHER had operational control of the business and is thus jointly liable for Plaintiff's damages.

46. Defendant FLETCHER willfully and intentionally refused to properly pay Plaintiff at least minimum wages for each hour worked as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against FLETCHER:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### VIOLATION OF FLSA/OVERTIME
### against TERRY'S PLUMBING

47. Plaintiff, re-alleges and reaffirms paragraphs 1 through 29 and as if fully set forth herein.

48. This action is brought by Plaintiff to recover from Defendant TERRY'S PLUMBING unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

49. Since the commencement of Plaintiff's employment TERRY'S PLUMBING has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one- and one-half times his regular rate.

50. Specifically, throughout his employment Plaintiff regularly worked between 55-65 hours during each workweek in which he was employed.

51. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

52. TERRY'S PLUMBING is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). TERRY'S PLUMBING business activities involve those to which the Fair Labor Standards Act applies.

53. The Plaintiff was at all relevant times, covered by the FLSA.

54. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

55. TERRY'S PLUMBING has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

56. By reason of the said intentional, willful and unlawful acts of TERRY's PLUMBING, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

57. Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire.

58. TERRY'S PLUMBING never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

59. As a result of TERRY'S PLUMBING willful violations of the Act, Plaintiff is entitled to liquidated damages.

60. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from TERRY's PLUMBING.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant TERRY'S PLUMBING:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### VIOLATION OF FLSA/OVERTIME
### against FLETCHER

61. Plaintiff, re-alleges and reaffirms paragraphs 1 through 29 as if fully set forth herein.

62. At the times mentioned, Defendant FLETCHER was, and is now, a manager of corporate Defendant, TERRY'S PLUMBING.

63. FLETCHER was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that FLETCHER acted directly in the interests of Defendant TERRY'S PLUMBING in relation to their employees including Plaintiff.

64. Specifically, FLETCHER supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

65. FLETCHER had operational control of the business and is thus jointly liable for Plaintiff's damages.

66. Defendant FLETCHER willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against FLETCHER:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff JORGE LUIS MADRIGAL demands trial by jury of all issues triable as of right by jury.

Dated: August 17, 2021　　　　　　　Respectfully submitted,

**PEREGONZA  THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com